**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,　　　CASE NO. 18-CR-20151

　　　　*Plaintiff*,　　　　　　　HON. MATTHEW F. LEITMAN

v.

D-5 DIAMOND FIELDS,
　　　　*Defendant*.

---

**SUPPLEMENTAL MOTION IN SUPPORT OF DEFENDANT'S
COMPASSIONATE RELEASE MOTION**

NOW COMES Diamond Fields by her counsel Judith S. Gracey who supplements Defendant's Pro Se pleadings as follows:

**Introduction:**

On July 17, 2018, Defendant pled guilty to 18 U.S.C. §1343 and 1349 Wire Fraud Conspiracy. On November 19, 2018, she was sentenced to serve 38 months in prison. Ms. Fields suffers from asthma, anxiety, depression and obesity. At the time of her sentencing, the presentence report stated that she was prescribed an albuterol inhaler and anxiety medication. Ms. Fields' mother, Dawn Thames, has physical custody of Ms. Fields's three young children while she has been incarcerated.

Centers for Disease Control and Prevention, CDC, has found that people of any age with certain underlying medical conditions are at an increased risk of

severe illness from COVID-19. [1] Ms. Fields exhibits two of these certain

underlying conditions, such as Obesity (BMI of 30 or higher) and Asthma. Ms.

Fields' BMI is approximately 50, given her height of 5'5 and her weight of

approximately 304lbs (See Exhibit A Filed Under Seal). These preexisting

conditions place her at higher risk for severe illness from COVID-19. The CDC

has found that out of COVID-19 patients between the age range of 18-49, 85.4%

had one or more underlying conditions. [2] Of those with underlying conditions, 59%

had obesity; and 36.4% had chronic lung disease, such as asthma. [3]  Given the

research completed by the CDC along with Ms. Fields' medical conditions, she is

at an increased risk from severe illness from COVID-19.

**I. Argument**

Individuals with underlying medical conditions are considered to be at an

increased risk for severe illness or death from COVID-19. The statute for

compassionate release grants courts the authority to reduce a term of imprisonment

---

[1] *See CDC, Groups at Higher Risk for Severe Illness, CDC*
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.
[2] Shikha Garg et al, Hospitalization Rates and Characteristics of Patients Hospitalized
with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 020, CDC (Apr. 8,
2020), https://bit.ly/2TYdVJR.
[3] Shikha Garg et al, Hospitalization Rates and Characteristics of Patients Hospitalized
with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 020, CDC (Apr. 8,
2020), https://bit.ly/2TYdVJR.

for "extraordinary and compelling reasons" 18 U.S.C. § 3582(c)(1)(A)(i). The

statute provides:

(1)    in any case—

(A)    the court, upon motion of the Director of the Bureau of Prisons, or

upon motion of the defendant after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request

by the warden of the defendant's facility, whichever is earlier, may reduce the term

of imprisonment (and may impose a term of probation or supervised release with

or without conditions that does not exceed the unserved portion of the original term

of imprisonment), after considering the factors set forth in section 3553(a) to the

extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; …

*****

and that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Thus, the statutory requirements for sentence reduction are that the court (1)

find extraordinary and compelling reasons for the reduction; (2) consider the

3

relevant sentencing factors under 18 U.S.C. § 3553(a); and (3) ensure any reduction is consistent with applicable policy statements.

## A. The Court has Authority to Grant Relief

Ms. Fields submitted a request for compassionate release to the warden on June 9, 2020. There was no response from the warden. 18 U.S.C. § 3582(c)(1)(A) allows courts to consider compassionate release motions brought by incarcerated defendants if one of two requirements has been met. The first being that the Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf". Second, courts can consider motions for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility". There has been a lapse of over 30 days since Ms. Fields submitted her request to the warden, thereby satisfying the statute, and allowing this court to review her motion (See Exhibit B).

## B. Extraordinary and Compelling Reasons

The severity of Ms. Fields' medical conditions combined with her increased risk of severe illness or death from COVID-19 provide extraordinary and compelling reasons for her immediate release. U. S. S. G. § 1B1.13, application Note 1, states that extraordinary and compelling reasons exist when the Defendant

is suffering from a serious medical or physical condition. Ms. Fields is 26 years old, and suffers from numerous medical conditions, such as asthma, obesity, anxiety, depression and seizures from epilepsy (See Exhibit A Filed Under Seal). those medical conditions not only affect her everyday life, but also place her at an increased risk to both contract COVID-19, and an increased risk of severe illness or death if Ms. Fields contracts COVID-19 while incarcerated.

Along with Ms. Field's serious medical conditions, her mother, Dawn Thames, who currently has custody of Ms. Fields' children, has serious health conditions which affect her ability to properly care for the children. Ms. Fields has three young children; ages 7, 4 and 1. Two of the children were fathered by Eric Brown, who was murdered in 2017. The other child was fathered by Jerry Nelson, who is currently incarcerated. Ms. Fields' own father is currently incarcerated. There is no one else who is able to take care of Ms. Fields' children. Ms. Thames currently is suffering from deep venous thrombosis, fibroid uterus and obesity. She recently underwent a hysterectomy. She was recently diagnosed with acute bilateral pulmonary embolism involving segmental and subsegmental pulmonary arteries and multifocal air-space opacities involving the right middle lobe as well as both lung bases (See Exhibit C Filed Under Seal).

Both Ms. Thames and Ms. Fields are worried that given Ms. Thames serious health complications that she may not be able to continue to provide proper care for the children (See Exhibit D Filed Under Seal). Ms. Fields and Ms. Thames serious medical conditions meet the standard for extraordinary and compelling reasons for release pursuant to 18 U.S.C. §3582(c)(1)(A) and U.S.S.G. §1B1.13.

The COVID-19 pandemic is a rapidly increasing health crisis, especially in the United States, that presents a serious medical risk to vulnerable prisoners, such as Ms. Fields, allowing the Court to find "extraordinary and compelling reasons" for immediate release.

## C. Consideration of Relevant 3553 (a) Factors

(1) Nature and circumstances of offense and history and characteristics of Defendant. Diamond Fields accepted responsibility for Wire Fraud Conspiracy. Ms. Fields was born and raised in Flint, Michigan, where she has resided her entire life. She has a close relationship with her twin sister, Krystal Fields, who resides in Mt. Morris, Michigan and works as a home health care provider. Diamond Fields was raised primarily by her mother, Dawn Thames, who is currently providing full time care to Ms. Fields' children.

Ms. Fields has a projected release date of July 31, 2021 (See Exhibit E). Ms. Fields has had no incidents while incarcerated. Ms. Fields has taken RDAP and

parenting classes while incarcerated. As stated previously, Ms. Fields' medical records show that she is being treated for asthma, anxiety, depression, and post-traumatic stress disorder (See Exhibit A Filed Under Seal).

(2) Ms. Fields has served almost two years in prison and has just under a year left of her sentence. Resentencing Ms. Fields to time served and supervised release would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. It would also adequately deter criminal conduct by the Defendant and others from similar wrongdoings. The length of incarceration Ms. Fields has already served has provided her with vocational and educational benefits that she has availed herself of. She should no longer be considered a threat to society.

## CONCLUSION

Upon release, Ms. Fields would reside with her mother, Dawn Thames, who lives in Flint, Michigan. She would provide care and support for her mother and children. She will also look for gainful employment. Ms. Fields has strong family ties to the community. Her family is in full support of her release and has offered to help her in any way that they can to ensure that she is a productive member of society going forward.

WHEREFORE, Ms. Fields has a projected release date of July 31, 2021 (See Exhibit E). Given the severe medical conditions of Ms. Fields and her mother Dawn Thames, and the 3553 (a) factors stated herein, Ms. Fields respectfully requests that this Honorable Court exercise its discretion and authority and resentence Ms. Fields to time served with supervised release.

Respectfully Submitted,

/s/Judith S. Gracey
**JUDITH S. GRACEY (P39766)**
Attorney for Defendant
The Gracey Law Firm, PLLC
2200 Beechmont Street
Keego Harbor, Michigan 48320
judith@thegraceylawfirm.com
(248) 221-7726

Dated: August 19, 2020

8

9

**<u>CERTIFICATE OF SERVICE</u>**

I, Judith S. Gracey, hereby certify that on August 19, 2020, I electronically filed the foregoing document, with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record.

s/Judith S. Gracey         
**JUDITH S. GRACEY**

9